UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| NFS LEASING, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 11-11476-LTS |
| BRIAN HILL, et al., | ) | |
| Defendants. | ) | |

ORDER ON MOTION TO REMAND

February 17, 2012

SOROKIN, M.J.

On July 26, 2011, the Plaintiff, NFS Leasing, Inc., brought suit against the Defendants Delmar Corporate Communications, LLC, Justin Beck, Brian Hill and Larry Downs, in Essex Superior Court, alleging that the Defendants had breached a settlement arising from an equipment lease to Del Mar. Docket # 1-4. On August 19, 2011, the Defendants removed the action to this Court, pursuant to 28 U.S.C. §§ 1441 and 1446. Docket # 1. In their Notice of Removal, the Defendants asserted that this Court has subject matter jurisdiction over the action because the parties are diverse in their citizenship and because the amount in controversy exceeds $75,000.00. Id. at ¶¶ 2-4. In support of their assertion that the amount in controversy exceeds $75,000.00, the Defendants noted that NFS alleges in its Complaint that it is owed $47,948.75 under the terms of the settlement agreement and that it is additionally claiming an entitlement to attorneys' fees, interest and costs. Id. at ¶ 4.

On August 26, 2011, NFS moved pursuant to 28 U.S.C. ¶ 1447(c) to remand the matter to

state court, asserting that the amount in controversy "plainly does not exceed the statutory threshold." Docket # 2. Defendants filed their opposition on September 9, 2011. NFS filed its reply on December 14, 2011, after the Court granted leave to file it on December 6, 2011. On December 21, 2011, in response to the Court's December 7, 2011 inquiry, the parties consented to the undersigned's exercise of jurisdiction pursuant to 28 U.S.C. § 636(c). Hearing on the motion was held on February 16, 2012.

28 U.S.C. § 1332 (a) provides in relevant part that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States." 28 U.S.C. § 1332(a)(1) (emphasis added). Faced with a suit filed in state court and asserting exclusively state causes of action, a defendant may remove the case to the appropriate district court if the case is one in which the district court could have exercised original jurisdiction (i.e., when the case involves an amount in controversy greater than $75,000 and pits citizens of different states against one another). See Toglan v. Marriott Intern., Inc., 2011 WL 3625270 *1 (D.Mass.) (Wolf, C.J.) (citing 28 U.S.C. § 1332(a), (a)(1) (diversity jurisdiction); 28 U.S.C. § 1441(a) (removability); 28 U.S.C. § 1446 (procedure for removal)).

A plaintiff may respond to a Notice of Removal by filing a motion to remand the case to state court if the plaintiff believes that the district court lacks subject matter jurisdiction. Id. (citing 28 U.S.C. § 1447(c)). Even in the absence of such a motion, the Court has "an unflagging duty to ensure that it has jurisdiction over the subject matter of the cases it proposes to adjudicate [and, therefore, is] obliged to address the propriety of removal." Id. (quoting Am. Policyholders Ins. Co. v. Nyacol Prods., Inc., 989 F.2d 1256, 1258 (1st Cir.1993)). Here the Parties and the

Court agree that the case is one between citizens of different states, and the sole issue presented is whether the amount in controversy is sufficient to support jurisdiction.

When a plaintiff files a complaint in state court and the defendant then invokes federal jurisdiction through removal, the defendant bears the burden of establishing that removal to the district court is proper. Id. at * 2 (citing Valentin v. Hosp. Bella Vista, 254 F.3d 358, 366 (1st Cir.2001); Danca v. Private Health Care Sys., Inc., 185 F.3d 1, 4 (1st Cir.1999) ; MB Auto Care Mgmt., Inc. v. Plaza Carolina Mall, L.P., 695 F.Supp.2d 1, 2 (D.P.R.2010)). This includes the burden of showing that the amount in controversy satisfies the requirements of 28 U.S.C. § 1332 (a). Id. (citing Ciardi v. F. Hoffman–La Roche, Ltd., 2000 WL 159320 *1 (D.Mass.) (O' Toole, J.)).[1] When federal subject matter jurisdiction is doubtful, those doubts should be resolved in favor of remand. Id. (citing Boyer v. Snap-on Tools Corp., 913 F.2d 108, 111 (3d Cir.1990); Padilla–Gonzalez v. Local 1575, 635 F.Supp.2d 105, 108 (D.P.R.2009); In re Mass. Diet Drug Litig., 338 F.Supp.2d 198, 202 (D.Mass.2004) (O'Toole, J.)).

Although attorneys' fees are not usually considered as a portion of the amount in controversy, there is an exception where the fees are contractual. Coventry Sewage Associates v. Dworkin Realty Co., 71 F.3d 1, 3 n.2 (1st Cir.1995) (citing Dept. of Recreation v. World Boxing Ass'n, 942 F.2d 84, 89 (1st Cir.1991)). Here, NFS alleges in the Complaint that it is entitled to attorney's fees under the Settlement Agreement at issue. Docket # 1-4 at ¶ 16.

---

[1] The Court need not reach the issue of whether a "preponderance of the evidence" standard or a "reasonable probability" standard applies to the Defendants' burden, because the Defendants have failed to meet their burden under either of the standards, which the Defendants in any event concede "may be identical in practice." See Docket # 3 at 2-3 n.1.

NFS argues that the Defendants are unjustified in asserting that attorneys' fees will amount to at least $27,051.25, thus bridging the gap between the $75,000.00 jurisdictional requirement and the $47,948.75 in damages claimed under the Settlement Agreement.[2] Nothing in the Defendants' Notice of Removal indicates any basis for the assertion that attorneys' fees will exceed $27,000.00. In their briefing, the Defendants have argued that a reasonable estimate of attorneys' fees "established either by the original pleadings, amended pleadings or affidavit" may be utilized for purposes of determining whether the jurisdictional amount is satisfied. Docket # 3 at 3 (citing Department of Recreation & Sports v. World Boxing Ass'n, 942 F.2d 84, 90 (1st Cir.1991); Amoche v. Guar. Trust Life Ins. Co., 556 F.3d 41, 49 (1st Cir.2009)). The Complaint does not specify an amount of attorneys fees incurred. Moreover, no amended pleadings or affidavits relevant to the amount in controversy are before the Court, and the Defendants therefore have not established any estimate of attorneys' fees, whether reasonable or otherwise. The general assertion that the case will take more than one hundred hours of attorney time and that at least one attorney at the Plaintiff's law firm charges in excess of three hundred dollars per hour is insufficient. See L.R. 7.1(b)(2) ("affidavits and other documents setting forth facts on which the opposition is based shall be filed with the opposition"). That NFS has not submitted evidence in support of its assertions in its Motion to Remand is not relevant, since it is the Defendants who bear the burden of establishing that the amount in controversy requirement is satisfied. Two further factors support remand. In light of the nature of the case, the amount of the damages and the issues presented, the Defendants have not established that the attorneys fees

---

[2] As noted supra, interest and costs are explicitly removed from the calculus by 28 U.S.C. § 1332(a)(1). The Defendants have included interests and costs in their calculus, but have not explained what amount they attribute to each category of expense.

4

for the Plaintiff will bridge the gap between the contractual damages and the amount in controversy requirement.  In addition, the Court strictly construes the applicable statute and doubts are to be resolved in favor of remand.  Thus, the Plaintiff's Motion to Remand (Docket # 2) is ALLOWED.  It is ORDERED that the clerk shall remand the matter to the Essex Superior Court for further proceedings.

                                  SO ORDERED.

                                      /s / Leo T. Sorokin
                                UNITED STATES MAGISTRATE JUDGE